

NUMBER 13-08-00077-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ABEL LUCIO, JR., ET AL,                                                      Appellants,

v.

THE JOHN G. AND MARIE STELLA
KENEDY MEMORIAL FOUNDATION,                                    Appellee.

**On appeal from the 135th District Court
of Victoria County, Texas.**

# O P I N I O N

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Opinion by Chief Justice Valdez**

Appellants, the Lucios (a group of plaintiffs defined in footnote 3), appeal a summary judgment rendered in favor of the appellee, the John G. and Marie Stella Kenedy Foundation (the "Foundation"). In seven issues, which may be properly categorized as

three, the Lucios contend that the trial court: (1) abused its discretion by denying their motion for continuance; (2) erred in granting summary judgment; and (3) abused its discretion in denying their motion for new trial. We affirm.

## I. BACKGROUND

On April 14, 2003, 154 plaintiffs[1] sued the Foundation claiming to be the descendants of Lieutenant Jose Francisco Balli ("the Lieutenant") and the heirs to his interest in La Barreta, a Spanish land grant that the Foundation had acquired. The

[1] The original plaintiffs included the following individuals:

Conception Trevino Lucio, Abel Lucio Jr., Gilberto Lucio, Juan Jose Lucio, San Juana Lucio Zepeda, Pablo Baltazar Lucio, Marycela Lucio Miller, Jose Luis Lucio, Maria Veronica Lucio Long, Jesus Lucio, Maria Delores Lucio, Oralia Lucio Van Hoy, Ramiro Lucio, Rene Lucio, Berta G. Lucio, Maria Luisa Lucio, Cynthia Aguilera, Hayley Aguirre, Selma Anzaldua, Nora S. Argullin, Cynthia Balli Arroyo, Evie Silva Ayala, Clemente M. Balli Jr., Bertha A. Balli, Jaime Balli Sr., Juan Ernesto Balli, Phillip Molina Balli, Ramiro A. Balli, Richard Molina Balli, Diana S. Benavidez, Flora Balli Benavidez, Claudia Bermea, Sylvia Dee Campbell, Dora Rodriguez Casanova, Jaime N. Castaneda, Juan P. Castaneda, Olga N. Castaneda, Rebecca G. Castillo, Laura E. De La Fuente, Andrea Balli Delgado, Paula Aurora Noyola Dominguez, Clemente G. Galvan Jr., Feliz Galvan, Gilberto G. Galvan, Pedro Galvan Sr., Felipe Garcia, Felipe M. Garcia Jr., Fidencio M. Garcia, Gualdalupe J. Garcia Jr., Gumecindo S. Garcia, Lucinda A. Garcia, Lydia Ann Garcia, Maria Garcia, Maria Tomosita Silva Garcia, Rogerio Balli Garcia, Zoila Garcia, Rosa de la Creda Garza, Sylvia B. Salivar-Garza, Sandra L. George, Melinda G. Silva Godoy, Leticia Ybarra Gomez, Delia Silva Gonzalez, Elisa Balli Gonzalez, Julia Balli Gonzalez, Ovalia S. Gonzalez, Maria Olivia Hill, Angelica G. Juarez, Melissa C. Kirk, Melva G. Silva Kunkle, Maria Emelda G. Silva Lacy, Jose S. Leal, Rafael Silva Leal Jr., Gracilla G. Ledesna, Mationa Noyla Loy, Marinda Elma Silva Lynn, Juanita Martinez, Martha Balli Martinez, Adela Galvan Menchaca, Joann S. Mendez, Amelia S. Garcia Mireles, Alberta Y. Moreno, Yolanda Garcia Moreno, David Saul Munoz Sr., Raul Balli Munoz Jr., Ofelia Balli Nacey, Joe Frank Noyola, Kenny Ray Noyola, Jose Noyla Sr., Juan Jose Noyola, Marcos Edio Noyola Jr., Maria Margarita Noyola, Natividad C. Noyola, Maria A. Parker, Arminda Galvan Pena, Maria Luisa Perez, Maria Raquel Vallejo Ramirez, Virginia S. Ramos, Arminda Balli Rangel, Elda Balli Renteria, Gloria G. Reyez, Rebecca de la Cerda Reyes, Juanitia Noyola Rivera, Lourdes Galvan Robinson, Defina S. Rodriguez, Elidia Balli Rodriguez, Maricela Rodriguez, Minerva Silva Rodriguez, Norma Linda Powell Rodriguez, Ramiro Rodriguez, Rumaldo Rodriguez, Maricella G. Silva Ross, Yolanda Galvan Saenz, Eloy B. Salvidar, Joel Balli Saldivar, Obed B. Saldivar, Omar B. Saldivar, Samuel B. Saldivar, Olvia Rodriguez Santana, Ernestine Balli Schmidt, Gracie Siazon, Alberto Torres Silva, Alberto Silva Jr., Alford G. Silva, Daniel V. Silva, David V. Silva Jr., Diego Silva, Dilia Silva, Dimas V. Silva, Dionicio Silva, George G. Silva, Guadalupe G. Silva, Gumesindo Garcia Silva, Jamie G. Silva, Javier G. Silva, Jeronimo G. Silva, Joel Silva, Joel G. Silva, Jose David Silva, Jose G. Silva Jr., Juan de Dios Silva, Juan G. Silva Sr., Marina G. Silva, Maria de Jesus G. Soward, Miredla G. Silva Trevino, Diana Balli Angele Tafoya, Enrique Weaver Jr., Ernesto Weaver, Geralberto Weaver, Mario Silva Ybarra, Nilda Ybarra, Ramiro Ybarra, Rebecca Ybarra

2

plaintiffs alleged that the Foundation engaged in fraud and dispossessed them of their land; they asserted a trespass to try title action, brought claims for "conversion of real and personal property," sought a declaratory judgment on their alleged interest in La Barreta, and requested attorneys' fees.

The Foundation initially answered with a general denial. During the summer of 2003, the plaintiffs responded to the Foundation's requests for disclosure, interrogatories, and admissions. *See generally* TEX. R. CIV. P. 194, 197, 198. Through the discovery process, the plaintiffs tendered, among other things, a handwritten deed, dated March 10, 1866 (the "1866 deed"), through which the Lieutenant purportedly conveyed his interest in La Barreta to Clement Balli, who is also an alleged ancestor of the plaintiffs. Part of the legal description of the 1866 deed provides that La Barreta is located ". . . along and parallel with north boundary line of San Juan De Carricitos Grant, across State Highway and Missouri Pacific Railroad at 48975 varas a large post . . . ." On June 10, 2005, Eleazar Balli and Rosa Maria Balli Rivas (the "intervenors") filed a plea in intervention.[2]

On November 9, 2006, the Foundation filed its first amended answer, pleading the affirmative defenses of limitations, adverse possession, and res judicata as to ownership of La Barreta and the plaintiffs' and intervenors' lineage; it also denied the authenticity of the 1866 deed. Included in the Foundation's first amended answer was a counter-claim requesting a judgment declaring that the plaintiffs and intervenors were the descendants of the Lieutenant's brother, Jose Manuel Balli Villarreal ("Manuel") and removing any cloud on the Foundation's title to La Barreta that the 1866 deed possibly imposed. Like the plaintiffs, the Foundation sought to recover attorneys' fees.

---

[2] The following six individuals subsequently joined the plea in intervention: Raul Munoz, David Munoz, Martha Martinez, Ofelia Nacey, Andrea Delgado, and Arminda Rangel.

3

Also on November 9, 2006, the Foundation filed a hybrid motion for summary judgment on both no-evidence and traditional grounds. As to its no-evidence grounds, the Foundation asserted that there was no evidence of a disruption in its ownership of La Barreta and that it or its predecessors-in-title had owned La Barreta for nearly 200 years. The Foundation also asserted that the plaintiffs and intervenors could not maintain a trespass to try title action under chapter 22 of the property code because they had not produced evidence of superior title to the land. *See* TEX. PROP. CODE ANN. § 22.002 (Vernon 2000) ("A headright certificate, land scrip, bounty warrant, or other evidence of legal right to located and surveyed land is sufficient title to maintain a trespass to try title action."). The Foundation's third no-evidence ground for summary judgment was that Texas law does not recognize a claim for conversion of real property, *see Cage Brothers v. Whiteman*, 139 Tex. 522, 163 S.W.2d 638, 641 (1942); *Lighthouse Church v. Texas Bank*, 889 S.W.2d 595, 599 n.4 (Tex. App.–Houston [14th Dist.] 1994, writ denied), and the Lucios did not have any evidence as to any element of a personal property conversion claim.

Under its traditional grounds, the Foundation argued that the plaintiffs and intervenors lacked standing to sue on the ground that they descended from Manuel, not the Lieutenant. The Foundation argued that the plaintiffs and intervenors judicially admitted they descended from Manuel in two suits, which had previously been brought by them and adjudicated in Zapata and Kenedy Counties, and that the doctrine of res judicata precluded the current suit (the "res judicata ground"). The Foundation also argued that it was entitled to a declaratory judgment clearing title to La Barreta on the ground that the 1866 deed was fraudulent because it allegedly contained anachronistic references to a

4

state highway and railway that did not exist in 1866, was executed by Manuel instead of the Lieutenant, and did not accurately describe La Barreta's acreage (the "fraudulent 1866 deed ground").

On March 23, 2007, the trial court granted a motion to withdraw, which had been filed by the plaintiffs' counsel, and substituted counsel for Abel Lucio Jr. and thirteen others (hereinafter the "Lucios").[3]  Under the trial court's order, the remaining plaintiffs were notified of their counsel's withdrawal; they proceeded unrepresented and did not formally participate in further trial court proceedings.  On July 13, 2007, the trial court signed an order setting a summary judgment hearing for September 4, 2007.

In August 2007, the Lucios and intervenors moved for a continuance and to sever their suits from each other and the unrepresented plaintiffs.  In support of their verified motion for continuance, the Lucios submitted:  (1) an affidavit by an attorney for the Lucios, (2) an affidavit by the foregoing attorney's legal assistant, and (3) an affidavit by Michael Allen, a "consultant."  The attorney's affidavit stated that "we [the Lucios's attorneys] have been diligent in reviewing not only the [Foundation's] Motion and voluminous exhibits filed with the Motion, but also the hundreds of pages of documents provided to us by our clients and former counsel."  The attorney's affidavit also stated that he hired Allen to investigate and evaluate the validity of the 1866 deed.  The legal assistant stated that she was attempting to obtain copies of nine clerk's records that the Foundation cited in its summary judgment motions.  Allen stated in relevant part:

> While I have made some preliminary investigation into the records, I am unable to complete my research and prepare my report and affidavit before

---

[3] The fourteen Lucio plaintiffs included the following indiviudals: Conception Trevino Lucio, Abel Lucio Jr., Gilberto Lucio, Juan Jose Lucio, San Juana Lucio Zepeda, Pablo Baltazar Lucio, Marycela Lucio Miller, Jose Luis Lucio, Maria Veronica Lucio Long, Jesus Lucio, Maria Delores Lucio, Oralia Lucio Van Hoy, Ramiro Lucio, Rene Lucio.

August 28, 2007. I believe that I will be able to complete these tasks on or before October 5, 2007.

I have preliminarily reviewed records that indicate that the railroad line in the area in question was originally the St. Louis Brownsville and Mexico Railway Company.

. . . From a review of the public record, [what was the St. Louis Brownsville and Mexico Railway Company] was sold to the Missouri pacific in 1925 and merged in 1956.

The Foundation objected to any continuance on the grounds that the case had been pending before the trial court for over four years, there was no good cause for a continuance, and the Lucios and intervenors had not demonstrated diligence in pursuing the suit.

Only the intervenors timely responded to the summary judgment motion and attached as summary judgment evidence affidavits from family members averring to their lineage, various birth certificates, a letter from a chemist claiming that "no evidence exists that the [1866 deed] was written at any time other than on its purported date," and a website printout stating, in relevant part, that the Missouri Pacific Railway was chartered in 1849. The Foundation objected to the summary judgment evidence offered by the intervenors.

The Lucios did not timely respond to the summary judgment motion. Rather, on September 4, 2007, the date the trial court considered the Foundation's motion, the Lucios filed a memorandum opposing summary judgment. The record does not contain a motion or order granting leave of court to file an untimely response. *See* TEX. R. CIV. P. 166a(c) ("Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response."). Additionally, there is no indication that the trial court considered the Lucios's memorandum.

6

Accordingly, we will not consider it. *See id.* ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.").

On October 5, 2007, the trial court rendered a final judgment that: (1) granted the Foundation summary judgment on all grounds except its request for attorneys' fees, (2) denied the continuance motions, (3) denied the severance motions, and (4) sustained the Foundation's objections to the intervenors's summary judgment evidence. The trial court also declared that the unrepresented plaintiffs, the Lucios, and the intervenors are not the descendants of the Lieutenant but instead are the descendants of Manuel, that the 1866 deed is not valid and is void, and that the Foundation conclusively established its chain of title to La Barreta. The only parties appealing the underlying judgment are the Lucios.

## II. CONTINUANCE

In their first three issues, the Lucios contend that the trial court abused its discretion by denying their motion for continuance because it was justified, supported by ample grounds and sworn testimony, and would not result in prejudice. The Foundation contends that the Lucios have not demonstrated how the trial court abused its discretion.

### A.    Standard of Review

When reviewing a trial court's order denying a motion for continuance, we consider whether the trial court committed a clear abuse of discretion on a case-by-case basis. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law. *Id.* Before we will reverse the trial court's ruling, it should clearly appear from the record that the trial court has disregarded the

7

party's rights.  *See Yowell v. Piper Aircraft Corp.*, 703 S.W.2d 630, 635 (Tex. 1986).

## B.    Applicable Law

All courts have inherent power to grant or deny a continuance. *McClure v. Attebury*, 20 S.W.3d 722, 729 (Tex. App.–Amarillo 1999, no pet.) (citing *Bray v. Miller*, 397 S.W.2d 103, 105 (Tex. Civ. App.–Dallas 1965, no writ)).  Texas Rule of Civil Procedure 166a(i) provides that a party, after adequate time for discovery, may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which the adverse party would have the burden of proof at trial.  *See* Tex. R. Civ. P. 166a(i).  There is no specific minimum amount of time that a case must be pending before a trial court may entertain a no-evidence summary judgment motion.  *See  id.*; *see also McInnis v. Mallia*, 261 S.W.3d 197, 202 (Tex. App.–Houston [14th Dist.] 2008, no pet.).  The amount of time necessary to constitute "adequate time" depends on the facts and circumstances of each case.  *See, e.g., Restaurant Teams Int'l, Inc. v. MG Secs. Corp.*, 95 S.W.3d 336, 340 (Tex. App.–Dallas 2002, no pet.); *McClure*, 20 S.W.3d at 729 (concluding that adequate time had passed when a case was pending for seven months).

Texas Rule of Civil Procedure 166a(b) provides that a defending party may move for traditional summary judgment at any time.  *See* Tex. R. Civ. P. 166a(b).  Thus, discovery deadlines have no impact on a trial court's decision to deny a motion for continuance based upon inadequate time for discovery and proceed to a hearing on the merits of a motion for traditional summary judgment.  *See Clemons v. Citizens Med. Ctr.*, 54 S.W.3d 463, 466 (Tex. App.–Corpus Christi 2001, no pet.).  *But see Nelson v. PNC Mortgage Corp.*, 139 S.W.3d 442, 446 (Tex. App.–Dallas 2004, no pet.) (holding, in extreme, fact-specific case, that traditional summary judgment was improper when

discovery motions were outstanding and the trial court ignored all motions filed by pro se inmate, yet promptly set and responded to all motions filed by civil defendants).

When a party contends that it has not had adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance. See TEX. R. CIV. P. 166a(g), 251, 252; *Tenneco, Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996). The affidavit must describe the evidence sought, explain its materiality, and set forth facts showing the due diligence used to obtain the evidence. *See MKC Energy Invs., Inc. v. Sheldon*, 182 S.W.3d 372, 379 (Tex. App.–Beaumont 2005, no pet.) ("The affidavit must show why the continuance is necessary; conclusory allegations are not sufficient.").

The Texas Supreme Court has considered the following nonexclusive factors in deciding whether a trial court abused its discretion in denying a motion for continuance seeking additional time to conduct discovery: (1) the length of time the case has been on file; (2) the materiality and purpose of the discovery sought; and (3) whether the party seeking the continuance has exercised due diligence to obtain the discovery sought. *BMC Software*, 83 S.W.3d at 800 (diligence and length of time on file); *Tenneco Inc.*, 925 S.W.2d at 647 (materiality and purpose); *Nat'l Union Fire Ins. Co. v. CBI Indus., Inc.*, 907 S.W.2d 517, 521-22 (Tex. 1995) (materiality); *State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex. 1988) (diligence); *see Perrotta v. Farmers Ins. Exch.*, 47 S.W.3d 569, 576 (Tex. App.–Houston [1st Dist.] 2001, no pet.) (applying these factors to decide whether a trial court abused its discretion in denying a motion for continuance).

## C.    Analysis

The Lucios first argue that because (1) their motion for continuance factually alleged

that the case was still in the "discovery period" and (2) the Foundation did not contest that allegation, the trial court, as a matter of law, prematurely considered the Foundation's no-evidence motion summary judgment. The Lucios's argument demonstrates a fundamental misunderstanding of the no-evidence summary judgment rule. Rule 166a(i) begins with the phrase, "[a]fter adequate time for discovery" not "after a pretrial scheduling order's discovery period has concluded," and therefore, it does not support the Lucios's argument.[4] *See* TEX. R. CIV. P. 166a(i).

The Lucios next argue that the trial court abused its discretion in denying their continuance motion because it was supported by the affidavit testimony of a legal assistant and Allen. The Foundation contends that the Lucios did not meet the three factors articulated by the supreme court in *BMC Software*. *See* 83 S.W.3d at 800. We conclude that the affidavits attached to the continuance motion seek evidence regarding the Foundation's traditional grounds for summary judgment, and they do not allege a need for further discovery into the no-evidence grounds. The Lucios's continuance motion claimed that they sought additional discovery in the form of clerk's records and Allen's research. However, neither discovery product is material to the Foundation's no-evidence grounds for summary judgment. The Foundation relied on the clerk's records to advance its res judicata ground, and it relied on the 1866 deed, with its anachronistic references, to advance its fraudulent 1866 deed ground. Both grounds are part of the traditional portion of the Foundation's summary judgment motion.

---

[4] The 1997 comment to Rule 166a(i) states, in part, that "[a] discovery period set by pretrial order should be adequate opportunity for discovery unless there is a showing to the contrary, and ordinarily a motion under paragraph (i) would be permitted after the period but not before." TEX. R. CIV. P. 166a, cmt. to 1997 change. The comment does not support the Lucios's argument because the rule would, under ordinary circumstances, preclude consideration of a no-evidence motion for summary judgment before the discovery period has started, but it would allow consideration during the discovery period after "adequate time for discovery."

Because a defending party may move for traditional summary judgment at any time, *see* TEX. R. CIV. P. 166a(b); *Clemons*, 54 S.W.3d at 466, and the motion for continuance and supporting affidavits alleged a need for further discovery into only traditional grounds, we hold that the trial court did not abuse its discretion in denying the motion.

The Lucios's first, second, and third issues are overruled.

### III. SUMMARY JUDGMENT

In their fourth, fifth, and sixth issues, the Lucios contend that summary judgment was improper because it is not supported by a preponderance of the evidence, there were genuine issues of material fact concerning the Lucios's ownership of La Barreta, and there was no evidence of the Foundation's ownership of the land. Specifically, the Lucios argue that the trial court improperly granted the Foundation a traditional summary judgment on its res judicata and adverse possession grounds.

At this point, we must recognize three circumstances that affect the procedural posture of this case and our analysis of the foregoing issues. First, although the Foundation pleaded the affirmative defense of adverse possession in its first amended answer, it did not move for summary judgment on that ground. Thus, we need not address that ground because the Foundation did not obtain a judgment on it. Second, the Lucios do not challenge the Foundation's no-evidence grounds for summary judgment because their attack of the res judicata ground sounds against only a portion of the traditional motion for summary judgment.[5] Third, the Lucios do not challenge the trial court's rendition

---

[5] Under certain circumstances, res judicata, or "claim preclusion," prevents relitigation of claims that (1) have been finally adjudicated, or (2) could have been raised with proper diligence in the course of previous litigation over the same subject matter. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992); *Maxson v. Travis County Rent Account*, 21 S.W.3d 311, 315 (Tex.App.–Austin 1999, pet. dism'd by agr.).

11

of declaratory relief.  Bearing these predicaments in mind, we now turn to the standard of review and the procedural merit of the Lucios's summary judgment issues.

## A.     Standard of Review

In this case, the trial court granted summary judgment on all grounds, including the Foundation's no-evidence grounds regarding the Lucios's trespass to try title action and conversion of real and personal property claims.  Under Texas Rule of Civil Procedure 166a(i), the trial court may render a summary judgment by default for lack of an evidentiary response by the nonmovant, provided the movant's motion warranted rendition of a final summary judgment based on lack of evidence to support the nonmovant's claim or defense.  TEX. R. CIV. P. 166a(i) ("The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact."); *see Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 71 (Tex. App.–Austin 1998, no pet.).

We will first review the trial court's summary judgment under the standards of Rule 166a(i) because in this case, if the Lucios failed to produce more than a scintilla of evidence under that burden on their trespass to try title action and conversion claims, then there is no need to analyze whether the Foundation's proof satisfied the Rule 166a(c) burden on its affirmative defense of res judicata.  *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).  Furthermore, when, as in this case, the nonmovant does not respond to the no-evidence motion for summary judgment, the first controlling issue is whether the movant's motion was sufficient to warrant the no-evidence summary judgment and thus shifted the burden to the respondent to produce evidence that raised

Res judicata requires proof of the following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on claims that were raised or could have been raised in the first action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex.1996).

a genuine issue of material fact. *Roventini v. Ocular Scis., Inc.*, 111 S.W.3d 719, 723 (Tex. App.–Houston [1st Dist.] 2003, no pet.) (citing *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 71 (Tex. App.–Austin 1998, no pet.)).

**B.    Analysis**

As to the Lucios's trespass to try title action, the Foundation asserted, under its no-evidence ground, that the Lucios had no evidence of any element to support their claim. To prevail in a trespass to try title action, a plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned. *Plumb v. Stuessy*, 617 S.W.2d 667, 668 (Tex. 1981) (citing *Land v. Turner*, 377 S.W.2d 181, 183, 7 Tex. Sup. Ct. J. 237 (Tex. 1964)). The Foundation also asserted that the Lucios had not produced any of the documents that section 22.002 of property code requires in order to maintain a trespass to try title action. Section 22.002 provides that a "headright certificate, land scrip, bounty warrant, or other evidence of legal right to located and surveyed land is sufficient title to maintain a trespass to try title action." *See* TEX. PROP. CODE ANN. § 22.002.

In attacking the Lucios's conversion claims, the Foundation argued that Texas does not recognize a cause of action for conversion of real property and that the Lucios had no evidence of any element to support their claim for conversion of personal property. The Foundation correctly stated the law regarding conversion of real property. *See Cage Bros. v. Whiteman*, 139 Tex. 522, 163 S.W.2d at 641; *Lighthouse Church*, 889 S.W.2d at 599 n.4. To establish conversion of personal property, a plaintiff must prove that: (1) the plaintiff owned or had legal possession of the property or entitlement to possession; (2) the

13

defendant unlawfully and without authorization assumed and exercised dominion and control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; and (3) the plaintiff suffered injury. *United Mobile Networks, L.P. v. Deaton*, 939 S.W.2d 146, 147-48 (Tex. 1997); *Apple Imports, Inc. v. Koole*, 945 S.W.2d 895, 899 (Tex. App.–Austin 1997, pet. denied). If the defendant originally acquired possession of the plaintiff's property legally, the plaintiff must establish that the defendant refused to return the property after the plaintiff demanded its return. *Presley v. Cooper*, 155 Tex. 168, 284 S.W.2d 138, 141 (1955); *Apple Imports*, 945 S.W.2d at 899.

A review of the hybrid motion for summary judgment reveals that, in moving for no-evidence summary judgment, the Foundation specified all essential elements of the trespass to try title action and conversion of personal property claim alleged by the Lucios in their petition and on which they would have the burden of proof at trial. Accordingly, the motion complied with Rule 166a(i) and was sufficient to warrant a no-evidence summary judgment on each of those claims. *See Brewer & Pritchard, P.C. v. Johnson*, 7 S.W.3d 862, 866 (Tex. App.–Houston [1st Dist.] 1999, no pet.). Because the motion was sufficient to warrant a no-evidence summary judgment, the burden shifted to the Lucios to respond to the motion by producing more than a scintilla of evidence on each of the challenged elements. *Id*.; *see also Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp*., 994 S.W.2d 830, 834 (Tex. App.–Houston [1st Dist.] 1999, no pet.). The Lucios, however, filed no response to the motion. Based on this record, the express provisions of Rule 166a(i) required that the trial court grant the no-evidence motion and render judgment in favor of the Foundation. *See* TEX. R. CIV. P. 166a(i); *Brewer & Pritchard*, P.C., 7 S.W.3d at 867; *Flameout Design & Fabrication, Inc*., 994 S.W.2d at 834; *Jackson*, 979 S.W.2d at

14

Accordingly, we hold that the trial court did not err in rendering a no-evidence summary judgment in favor of the Foundation. The Lucios's fourth, fifth, and sixth issues are overruled. Our affirmation of the no-evidence summary judgment means that we need not review the traditional summary judgment because a review of it would not further affect the outcome of this appeal. *See* TEX. R. APP. P. 47.1; *Ridgway*, 135 S.W.3d at 600.

## IV. MOTION FOR NEW TRIAL

In their seventh issue, the Lucios contend that the trial court abused its discretion by denying their motion for new trial. Although the seventh issue is listed in the table of contents section of the Lucios's brief, it is not raised in the argument section of the brief. *See* TEX. R. APP. P. 38.1(i). Therefore, the seventh issue is waived.

## V. CONCLUSION

The trial court's judgment is affirmed.

ROGELIO VALDEZ
Chief Justice

Opinion delivered and filed on
this the 25th day of June, 2009.