02-11-046-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00046-CV

 

 


 
 
 Karen B. Dyer and Russell A. Dyer
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Accredited Home Lenders, Inc.
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM THE 362nd
District Court OF Denton COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Appellants
Karen B. Dyer and Russell A. Dyer appeal from the trial court’s grant of
no-evidence summary judgment on their claims against Appellee Accredited Home
Lenders, Inc.  In two points, the Dyers argue that the trial court erred by
granting summary judgment because their claims were supported by Accredited’s
summary judgment evidence and because “summary judgment was inappropriate given
the issues raised” in the case.  Because we hold that the trial court did not
err by granting summary judgment, we affirm.

In
May 2006, the Dyers obtained a home equity loan from Accredited secured with a
lien on their homestead property.  In November 2008, the Dyers filed suit
against Accredited for, among other claims, breach of contract, violations of
the Texas constitution, and wrongful foreclosure.  The Dyers alleged that
Accredited was wrongfully attempting to foreclose on their home under Texas
Rule of Civil Procedure 736 and that the foreclosure was wrongful because of
Accredited’s violations of the Texas constitution and other laws.

Accredited
answered in December 2008.  Other than substitution of counsel for Accredited
in January 2009, no action was taken in the case until March 2010, when Select
Portfolio Servicing, Inc. (SPS), claiming to be the assignee of Accredited, filed
a motion to dismiss the Dyers’ claims. 
Although
SPS assumed defense of this lawsuit while the case was pending in the trial
court, that entity was not substituted as the named defendant.  We shall
continue to use “Accredited” to refer to the appellee.

The
trial court entered a scheduling order in July 2010, under which discovery was
to be completed by October 8, 2010, and any dispositive motions were to be
filed before October 22, 2010.  The scheduling order also ordered the parties
to attend mediation in August 2010.

On
October 5, 2010, Accredited filed a traditional and no-evidence motion for
summary judgment.  No scheduling order on this motion appears in the record,
but the trial court held a hearing on Accredited’s motion on October 29, 2010, and
the Dyers’ response was therefore due seven days prior to this date.[2] 
The Dyers did not file a response until October 26, 2010.  In their response,
the Dyers asserted that Accredited’s summary judgment motion was internally
inconsistent and supported the Dyers’ claims.  The Dyers did not attach any
evidence to their response.  They did, however, refer to Accredited’s motion
and portions of Karen Dyer’s deposition attached to Accredited’s motion.

The
next day, the Dyers filed a motion to have their response deemed timely.  The
Dyers asserted that their attorney had attempted to file the response on time
but had been prevented from doing so by a malfunction of the e-filing system.

On
October 29, 2010, the date of the hearing, the court granted no-evidence summary
judgment for Accredited.  The typed order contains text stating that the trial
court “considered the motion, the response thereto, the reply, and the
arguments of counsel,” with the words “the response thereto, the reply” struck
out.  From this order, it is clear that the trial court declined to consider
the Dyers’ late-filed response.

In
their first point, the Dyers argue that the trial court erred by granting
summary judgment because Accredited’s summary judgment evidence supported their
claims.  In response, Accredited argues that the Dyers failed to timely respond
to their summary judgment motion, that their late-filed response was not filed
with leave of court, and that they are therefore restricted on appeal to arguing
that the motion was insufficient as a matter of law.  The Dyers do not argue
that the trial court should have considered their late-filed response, and they
do not point out any deficiencies in Accredited’s motion.  They argue only that
Accredited’s own evidence, attached in support of its traditional summary
judgment motion, raised questions of fact sufficient to defeat its no-evidence
motion.

The
evidence to which the Dyers direct this court does not raise a fact issue on
all of the elements challenged by Accredited.  For example, the Dyers alleged
that the principal amount of the loan was greater than eighty percent of the
fair market value of the property at the time that they closed on the loan,[3]
and Accredited asserted in its motion that the Dyers had no evidence to support
this claim.  On appeal, the Dyers direct this court to Karen’s deposition, in
which she testified about the appraisal value stated in the loan documents and
acknowledged that the loan was not more than eighty percent of this amount. 
The Dyers do not point this court to any evidence in the record that this
appraisal value was not the true market value of the property.  The Dyers also
alleged that Accredited breached the contract by failing to properly apply
payments, but they do not direct us to any evidence that Accredited did
misapply payments in breach of the parties’ contract.

The
Dyers do point out some evidence on their claim that Accredited did not provide
a copy of a final itemized disclosure of the actual fees, points, interest,
costs, and charges that would be charged at closing, as required by the
constitution.[4]  Karen testified in her
deposition that even though she signed at closing an affidavit stating that she
had previously received the disclosure and reviewed it, in fact she had never
seen the disclosure before she was presented with it at the deposition.

This
evidence, however, was attached to Accredited’s motion in support of its
traditional summary judgment motion.  The Dyers’ attempt to use this evidence
to obtain a reversal on appeal highlights a troubling area of summary judgment
law—troubling in that within this area of summary judgment practice, courts will
sometimes be caught between ignoring the rules of procedure on the one hand or
allowing a seemingly unfair result on the other hand.  We refer specifically to
those instances when a movant files a combined traditional and no-evidence
summary judgment motion and, in support of the traditional motion, attaches
evidence that raises a fact issue on the elements challenged as having no
evidence under the movant’s no-evidence motion.

The
well-established summary judgment law of this state provides that in a
traditional summary judgment motion, the movant has the burden to establish its
right to judgment as a matter of law.[5]  A trial court may not
grant a traditional summary judgment by default if the nonmovant does not
respond to the motion when the movant’s summary judgment evidence is legally
insufficient.[6]  That is, even if the
nonmovant fails to file a response to the motion, the movant must still produce
legally sufficient evidence to establish its right to judgment as a matter of
law.[7]

When
filing a no-evidence motion, on the other hand, the movant’s burden is to produce
a legally sufficient motion—the movant has no burden to produce evidence.[8] 
If the movant’s motion is sufficient, the burden shifts to the nonmovant to
produce evidence.[9]  If the nonmovant does
not produce evidence sufficient to raise a fact issue, the trial court must
grant the motion.[10]  If the movant for some
reason attaches evidence to its motion, the trial court may not consider the
evidence except in the limited circumstance when the evidence raises a fact
issue.[11]  But under normal
circumstances, no evidence is attached, and none is required for the trial
court to grant the motion.[12]

The
Supreme Court of Texas has acknowledged that the summary judgment rule does not
prohibit a party from filing a combined or “hybrid” motion.[13]
 In a combined motion, the movant usually must attach evidence in support of
the traditional motion in order to establish a right to judgment as a matter of
law.[14]  But when reviewing a
trial court’s grant of a combined motion when the judgment does not specify on
what ground the trial court granted summary judgment, we must first review the
no-evidence motion before considering the movant’s evidence and whether it
established the movant’s right to judgment under rule 166a(a) or (b).[15]

It
seems unjust to allow a no-evidence summary judgment to stand when the record
discloses not only that evidence exists to support the challenged element, but
that the evidence was before the trial court.  The law, however, requires us to
ignore traditional summary judgment evidence attached to a combined summary
judgment motion unless the nonmovant has directed the trial court to that
evidence in its response to the no-evidence motion.  If we were to reverse in
this case, we would have to hold that the trial court had a duty to examine the
evidence attached to Accredited’s motion to determine if any evidence existed
in the record to support the challenged elements.  To do so would contradict
the plain wording of the summary judgment rule, which provides that the trial
court must grant the no-evidence summary judgment unless the nonmovant
produces summary judgment evidence raising a genuine issue of material fact.[16] 
The comment to the rule states that the nonmovant must not only produce
evidence but must also point out to the trial court the evidence that raises a
fact issue.[17]  That is, even though
evidence is before the trial court that, if produced by the nonmovant, would
require the court to deny the no-evidence summary judgment, because it was not
pointed out to the trial court by the nonmovant, it must be ignored.  Because
the Dyers did not file a timely response, they neither produced summary
judgment evidence nor directed the trial court to where such evidence could be
found in its file.[18]

Although
it appears to be a triumph of procedure over substance, we cannot create a rule
that the trial court disposing of a combined motion has a duty to look at the
traditional summary judgment evidence to see if it defeats the movant’s right
to no-evidence summary judgment when the rules of procedure place the burden on
the nonmovant to produce evidence.  If we created such a rule, it would
conflict with the Supreme Court’s holding that parties may file combined
motions.  A party moving for both traditional and no-evidence summary judgment
would be compelled out of an abundance of caution to abandon the practice of
filing combined motions.  Instead, the party would have to first file a
no-evidence motion, wait for the trial court to rule on it, and, if the court
denies the motion, only then file a traditional summary judgment motion.

The
cases cited by the Dyers do not support their argument.  They contend that the law
already provides that a trial court must consider Accredited’s evidence if it
raises a fact issue.  The Dyers cite the Eastland Court of Appeals’s opinion in
Garrett[19] to support this assertion. 
The Garrett court did state that evidence attached by the movant to a
no-evidence summary judgment motion is not considered unless it raises a fact
issue.  But that court did not rely on this statement of the law in its
holding, and in support of the statement, Garrett cited the Supreme
Court’s opinion in Binur.  In that case, the Supreme Court stated that
“if a motion brought solely under [rule 166a(i)] attaches evidence, that
evidence should not be considered unless it creates a fact question.”[20] 
The Supreme Court has not held that in ruling on the no-evidence part of a
combined motion, a trial court must consider evidence attached by the movant in
support of its request for relief under 166a(a) or (b).

The
El Paso Court of Appeals considered this same issue in Viasana v. Ward
County.[21]  In that opinion, the
court stated:

Ward County’s motion
was brought under both Rules 166a(b) and 166a(i)[,] and it attached evidence in
support of its traditional summary judgment motion.  There is nothing to
indicate that Ward County intended for the attached evidence to be considered
in connection with its no-evidence summary judgment motion.  Further, Viasana
did not file a response referencing the evidence attached to the summary
judgment motion or pointing out the existence of any fact issues raised by that
evidence.  Accordingly, it is inappropriate to consider the evidence attached
to the summary judgment motion in connection with our review of the Rule
166a(i) motion.  Viasana is restricted on appeal to challenging the sufficiency
of the summary judgment motion.[22]

Similarly,
the First Court of Appeals disregarded the argument of the appellants who
contended that despite their failure to timely respond to the no-evidence
motion, the trial court erred by granting summary judgment because the appellee
attached evidence to its earlier-filed traditional motion, and, according to
the appellants, this evidence created a fact issue on the challenged elements.[23] 
That court noted that “where as here, the movant has filed a motion that
identifies the elements as to which there is no evidence, and in a form that is
neither conclusory nor a general no-evidence challenge, summary judgment
must be rendered absent a timely and legally adequate response by the nonmovant.”[24]

We have
no choice but to agree with the El Paso and Houston courts.  The summary
judgment rule puts the burden on the nonmovant to point out evidence to defeat
a no-evidence summary judgment, not on the trial court.  Although this may
create a seemingly unfair result,[25] we must apply the established
summary judgment law of Texas and the plain language of the rule.  And under
our summary judgment law, in the face of a legally sufficient motion for
no-evidence summary judgment, the nonmovant must file a response to defeat
summary judgment regardless of whether the trial court has before it evidence
that would defeat summary judgment if attached to a timely response.  The
nonmovant must bring that evidence to the attention of the trial court or
lose.  The Dyers did not meet their burden in this case.  Accordingly, we overrule
the Dyers’ first point.

In
their second point, the Dyers argue that the trial court erred by granting
summary judgment because summary judgment was inappropriate given that the case
raised issues “that are inherently those for a fact finder.”  They contend that
they “relied on plain, repeated representations” of Accredited personnel
“related to the valuation of the property, amount of the loan, [and] costs of
the loan” and that “a trier of fact should have an opportunity to fully
evaluate the testimony of [the Dyers] and other persons in open court.”  The
Dyers did not file a timely response to the summary judgment motions and do not
complain on appeal that the trial court should have considered their response. 
As discussed above, the only evidence referenced by the Dyers in their brief was
provided by Accredited in support of its traditional summary judgment motion,
and the trial court did not err by not considering it.  Because the Dyers did
not timely file a response to Accredited’s no-evidence motion, the trial court
did not err by granting the motion.  We overrule the Dyers’ second point.

The
Dyers include a footnote in their brief asserting that although SPS represented
to the trial court that it was the assignee of Accredited, there is no
assignment in the record, and “summary judgment for [SPS] is improper because
of a lack of documented connection to” the loan forming the basis of the suit. 
The Dyers do not cite any law to support this assertion and do not make any
argument indicating how this assertion relates to their points.[26] 
They do not, for example, argue that SPS’s attorneys had no authority to assert
a motion for summary judgment, and because SPS did not seek affirmative relief
in the trial court, the Dyers’ argument does not on its face raise an issue of
standing.[27]  We therefore do not
consider this argument.[28]

Having
overruled both of the Dyers’ points, we affirm the trial court’s judgment.

 

 

LEE ANN DAUPHINOT
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and WALKER, JJ.

 

LIVINGSTON,
C.J., concurs without opinion.

 

DELIVERED:  February 2, 2012









[1]See Tex. R. App. P. 47.4.





[2]See
Tex. R. Civ. P. 166a(c) (providing that, except on leave of court, the adverse
party may not file its written response to a summary judgment motion later than
seven days prior to the date of the hearing on the motion).





[3]See Tex. Const. art. XVI, § 50(a)(6)(B)
(allowing a creditor to foreclose on homestead property only when, among other
things, the principal amount owed does not exceed eighty percent of the fair
market value of the homestead on the date the extension of credit is made).





[4]See id. § 50(a)(6)(M)(ii) (allowing a creditor to foreclose on homestead
property securing a loan when the loan was not closed before one business day
after the date that the owner of the homestead receives a copy of a final
itemized disclosure of the actual fees, points, interest, costs, and charges
that will be charged at closing).





[5]City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).





[6]Id.





[7]Id.; see also McConnell v.
Southside Indep. Sch. Dist., 858 S.W.2d
337, 343 (Tex. 1993) (stating that a motion for summary judgment must stand on
its own merits, and “the non-movant’s failure to answer or respond cannot
supply by default the summary judgment proof necessary to establish the
movant’s right”).





[8]Lucio v. John G. & Marie Stella Kenedy Mem’l Found., 298 S.W.3d 663, 672 (Tex. App.—Corpus Christi 2009, pet. denied).





[9]See id.; Tex. R. Civ. P. 166a(i).





[10]Tex.
R. Civ. P. 166a(i); Lucio, 298 S.W.3d at 672.





[11]Binur v. Jacobo, 135 S.W.3d 646, 651
(Tex. 2004).





[12]See Tex. R. Civ. P. 166a(i).





[13]Binur, 135 S.W.3d at 651.





[14]See, e.g., id. (“The fact that evidence may be attached to a motion that proceeds
under subsection (a) or (b) does not foreclose a party from also asserting that
there is no evidence with regard to a particular element.”).





[15]Ford Motor Co. v. Ridgway, 135 S.W.3d
598, 600 (Tex. 2004).





[16]See Tex. R. Civ. P. 166a(i).





[17]See id. & cmt.





[18]See Steinkamp v. Caremark, 3 S.W.3d 191,
194 (Tex. App.—El Paso 1999,
pet. denied) (holding that a party may use evidence already in the trial court
record in responding to a no-evidence motion but must ensure that the evidence is properly before the trial court for
consideration and that a party may ensure that the
evidence is properly before the court either by requesting that the trial court
take judicial notice of the evidence that is already in the record or by
incorporating that document or evidence in the party’s response).





[19]Garrett v. Patterson–UTI Drilling Co., 299 S.W.3d 911, 917
(Tex. App.—Eastland 2009,
pet. struck).





[20]Binur, 135 S.W.3d at 651.





[21]296 S.W.3d 652, 655 (Tex. App.—El Paso 2009, no pet.).





[22]Id. (citation omitted).





[23]Landers v. State Farm Lloyds, 257
S.W.3d 740, 746 (Tex. App—Houston [1st Dist.] 2008, no pet.).





[24]Id. (emphasis added).





[25]Because
the trial court did not reach Accredited’s traditional motion, we do not
consider whether the evidence provided by Accredited established its right to
judgment as a matter of law.  Accordingly, we cannot say whether the trial
court would or should have rendered judgment for Accredited even if it had overruled
the no-evidence motion.





[26]See Tex. R. App. P. 38.1(f) (requiring
briefs to state concisely all issues or points presented for review and
providing that the statement of an issue will be treated as covering every
subsidiary question that is fairly included), 38.1(i) (requiring briefs to
contain a clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record). 





[27]See Tex. R. Civ.
P. 12 (providing that a party to a suit may file a motion asserting the party’s
belief that the suit is being prosecuted or defended without authority); Kessling
v. Friendswood Indep. Sch. Dist., 302 S.W.3d 373, 386 (Tex. App.—Houston [14th Dist.] 2009, pet.
denied) (noting that a party seeking affirmative relief must have standing).  





[28]See Tex. R. App. P. 38.1(i); Fredonia
State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284 (Tex.1994)
(discussing “long-standing rule” that issue may be
waived due to inadequate briefing).