

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00046-CV

KAREN B. DYER AND RUSSELL A. DYER        APPELLANTS

V.

ACCREDITED HOME LENDERS, INC.        APPELLEE

----------

## FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellants Karen B. Dyer and Russell A. Dyer appeal from the trial court's grant of no-evidence summary judgment on their claims against Appellee Accredited Home Lenders, Inc. In two points, the Dyers argue that the trial court erred by granting summary judgment because their claims were supported by Accredited's summary judgment evidence and because "summary judgment was

---

[1]*See* Tex. R. App. P. 47.4.

inappropriate given the issues raised" in the case. Because we hold that the trial court did not err by granting summary judgment, we affirm.

In May 2006, the Dyers obtained a home equity loan from Accredited secured with a lien on their homestead property. In November 2008, the Dyers filed suit against Accredited for, among other claims, breach of contract, violations of the Texas constitution, and wrongful foreclosure. The Dyers alleged that Accredited was wrongfully attempting to foreclose on their home under Texas Rule of Civil Procedure 736 and that the foreclosure was wrongful because of Accredited's violations of the Texas constitution and other laws.

Accredited answered in December 2008. Other than substitution of counsel for Accredited in January 2009, no action was taken in the case until March 2010, when Select Portfolio Servicing, Inc. (SPS), claiming to be the assignee of Accredited, filed a motion to dismiss the Dyers' claims. Although SPS assumed defense of this lawsuit while the case was pending in the trial court, that entity was not substituted as the named defendant. We shall continue to use "Accredited" to refer to the appellee.

The trial court entered a scheduling order in July 2010, under which discovery was to be completed by October 8, 2010, and any dispositive motions were to be filed before October 22, 2010. The scheduling order also ordered the parties to attend mediation in August 2010.

On October 5, 2010, Accredited filed a traditional and no-evidence motion for summary judgment. No scheduling order on this motion appears in the

record, but the trial court held a hearing on Accredited's motion on October 29, 2010, and the Dyers' response was therefore due seven days prior to this date.[2] The Dyers did not file a response until October 26, 2010. In their response, the Dyers asserted that Accredited's summary judgment motion was internally inconsistent and supported the Dyers' claims. The Dyers did not attach any evidence to their response. They did, however, refer to Accredited's motion and portions of Karen Dyer's deposition attached to Accredited's motion.

The next day, the Dyers filed a motion to have their response deemed timely. The Dyers asserted that their attorney had attempted to file the response on time but had been prevented from doing so by a malfunction of the e-filing system.

On October 29, 2010, the date of the hearing, the court granted no-evidence summary judgment for Accredited. The typed order contains text stating that the trial court "considered the motion, the response thereto, the reply, and the arguments of counsel," with the words "the response thereto, the reply" struck out. From this order, it is clear that the trial court declined to consider the Dyers' late-filed response.

In their first point, the Dyers argue that the trial court erred by granting summary judgment because Accredited's summary judgment evidence

---

[2]*See* Tex. R. Civ. P. 166a(c) (providing that, except on leave of court, the adverse party may not file its written response to a summary judgment motion later than seven days prior to the date of the hearing on the motion).

supported their claims. In response, Accredited argues that the Dyers failed to timely respond to their summary judgment motion, that their late-filed response was not filed with leave of court, and that they are therefore restricted on appeal to arguing that the motion was insufficient as a matter of law. The Dyers do not argue that the trial court should have considered their late-filed response, and they do not point out any deficiencies in Accredited's motion. They argue only that Accredited's own evidence, attached in support of its traditional summary judgment motion, raised questions of fact sufficient to defeat its no-evidence motion.

The evidence to which the Dyers direct this court does not raise a fact issue on all of the elements challenged by Accredited. For example, the Dyers alleged that the principal amount of the loan was greater than eighty percent of the fair market value of the property at the time that they closed on the loan,[3] and Accredited asserted in its motion that the Dyers had no evidence to support this claim. On appeal, the Dyers direct this court to Karen's deposition, in which she testified about the appraisal value stated in the loan documents and acknowledged that the loan was *not* more than eighty percent of this amount. The Dyers do not point this court to any evidence in the record that this appraisal value was not the true market value of the property. The Dyers also alleged that

---

[3]*See* Tex. Const. art. XVI, § 50(a)(6)(B) (allowing a creditor to foreclose on homestead property only when, among other things, the principal amount owed does not exceed eighty percent of the fair market value of the homestead on the date the extension of credit is made).

4

Accredited breached the contract by failing to properly apply payments, but they do not direct us to any evidence that Accredited did misapply payments in breach of the parties' contract.

The Dyers do point out some evidence on their claim that Accredited did not provide a copy of a final itemized disclosure of the actual fees, points, interest, costs, and charges that would be charged at closing, as required by the constitution.[4] Karen testified in her deposition that even though she signed at closing an affidavit stating that she had previously received the disclosure and reviewed it, in fact she had never seen the disclosure before she was presented with it at the deposition.

This evidence, however, was attached to Accredited's motion in support of its traditional summary judgment motion. The Dyers' attempt to use this evidence to obtain a reversal on appeal highlights a troubling area of summary judgment law—troubling in that within this area of summary judgment practice, courts will sometimes be caught between ignoring the rules of procedure on the one hand or allowing a seemingly unfair result on the other hand. We refer specifically to those instances when a movant files a combined traditional and no-evidence summary judgment motion and, in support of the traditional motion,

---

[4]*See id.* § 50(a)(6)(M)(ii) (allowing a creditor to foreclose on homestead property securing a loan when the loan was not closed before one business day after the date that the owner of the homestead receives a copy of a final itemized disclosure of the actual fees, points, interest, costs, and charges that will be charged at closing).

attaches evidence that raises a fact issue on the elements challenged as having no evidence under the movant's no-evidence motion.

The well-established summary judgment law of this state provides that in a traditional summary judgment motion, the movant has the burden to establish its right to judgment as a matter of law.[5] A trial court may not grant a traditional summary judgment by default if the nonmovant does not respond to the motion when the movant's summary judgment evidence is legally insufficient.[6] That is, even if the nonmovant fails to file a response to the motion, the movant must still produce legally sufficient evidence to establish its right to judgment as a matter of law.[7]

When filing a no-evidence motion, on the other hand, the movant's burden is to produce a legally sufficient motion—the movant has no burden to produce evidence.[8] If the movant's motion is sufficient, the burden shifts to the nonmovant to produce evidence.[9] If the nonmovant does not produce evidence

---

[5]*City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

[6]*Id.*

[7]*Id.*; *see also McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993) (stating that a motion for summary judgment must stand on its own merits, and "the non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right").

[8]*Lucio v. John G. & Marie Stella Kenedy Mem'l Found.*, 298 S.W.3d 663, 672 (Tex. App.—Corpus Christi 2009, pet. denied).

[9]*See id.*; Tex. R. Civ. P. 166a(i).

sufficient to raise a fact issue, the trial court *must* grant the motion.[10]  If the movant for some reason attaches evidence to its motion, the trial court may not consider the evidence except in the limited circumstance when the evidence raises a fact issue.[11]  But under normal circumstances, no evidence is attached, and none is required for the trial court to grant the motion.[12]

The Supreme Court of Texas has acknowledged that the summary judgment rule does not prohibit a party from filing a combined or "hybrid" motion.[13]  In a combined motion, the movant usually must attach evidence in support of the traditional motion in order to establish a right to judgment as a matter of law.[14]  But when reviewing a trial court's grant of a combined motion when the judgment does not specify on what ground the trial court granted summary judgment, we must first review the no-evidence motion before considering the movant's evidence and whether it established the movant's right to judgment under rule 166a(a) or (b).[15]

---

[10]Tex. R. Civ. P. 166a(i); *Lucio*, 298 S.W.3d at 672.

[11]*Binur v. Jacobo*, 135 S.W.3d 646, 651 (Tex. 2004).

[12]*See* Tex. R. Civ. P. 166a(i).

[13]*Binur*, 135 S.W.3d at 651.

[14]*See, e.g., id.* ("The fact that evidence may be attached to a motion that proceeds under subsection (a) or (b) does not foreclose a party from also asserting that there is no evidence with regard to a particular element.").

[15]*Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

7

It seems unjust to allow a no-evidence summary judgment to stand when the record discloses not only that evidence exists to support the challenged element, but that the evidence was before the trial court. The law, however, requires us to ignore traditional summary judgment evidence attached to a combined summary judgment motion unless the nonmovant has directed the trial court to that evidence in its response to the no-evidence motion. If we were to reverse in this case, we would have to hold that the trial court had a duty to examine the evidence attached to Accredited's motion to determine if any evidence existed in the record to support the challenged elements. To do so would contradict the plain wording of the summary judgment rule, which provides that the trial court *must* grant the no-evidence summary judgment unless the *nonmovant* produces summary judgment evidence raising a genuine issue of material fact.[16] The comment to the rule states that the nonmovant must not only produce evidence but must also point out to the trial court the evidence that raises a fact issue.[17] That is, even though evidence is before the trial court that, if produced by the nonmovant, would require the court to deny the no-evidence summary judgment, because it was not pointed out to the trial court by the nonmovant, it must be ignored. Because the Dyers did not file a timely response,

---

[16]*See* Tex. R. Civ. P. 166a(i).

[17]*See id.* & cmt.

8

they neither produced summary judgment evidence nor directed the trial court to where such evidence could be found in its file.[18]

Although it appears to be a triumph of procedure over substance, we cannot create a rule that the trial court disposing of a combined motion has a duty to look at the traditional summary judgment evidence to see if it defeats the movant's right to no-evidence summary judgment when the rules of procedure place the burden on the nonmovant to produce evidence. If we created such a rule, it would conflict with the Supreme Court's holding that parties may file combined motions. A party moving for both traditional and no-evidence summary judgment would be compelled out of an abundance of caution to abandon the practice of filing combined motions. Instead, the party would have to first file a no-evidence motion, wait for the trial court to rule on it, and, if the court denies the motion, only then file a traditional summary judgment motion.

The cases cited by the Dyers do not support their argument. They contend that the law already provides that a trial court must consider Accredited's evidence if it raises a fact issue. The Dyers cite the Eastland Court of Appeals's

---

[18]*See Steinkamp v. Caremark*, 3 S.W.3d 191, 194 (Tex. App.—El Paso 1999, pet. denied) (holding that a party may use evidence already in the trial court record in responding to a no-evidence motion but must ensure that the evidence is properly before the trial court for consideration and that a party may ensure that the evidence is properly before the court either by requesting that the trial court take judicial notice of the evidence that is already in the record or by incorporating that document or evidence in the party's response).

opinion in *Garrett*[19] to support this assertion. The *Garrett* court did state that evidence attached by the movant to a no-evidence summary judgment motion is not considered unless it raises a fact issue. But that court did not rely on this statement of the law in its holding, and in support of the statement, *Garrett* cited the Supreme Court's opinion in *Binur*. In that case, the Supreme Court stated that "if a motion brought *solely* under [rule 166a(i)] attaches evidence, that evidence should not be considered unless it creates a fact question."[20] The Supreme Court has not held that in ruling on the no-evidence part of a combined motion, a trial court must consider evidence attached by the movant in support of its request for relief under 166a(a) or (b).

The El Paso Court of Appeals considered this same issue in *Viasana v. Ward County*.[21] In that opinion, the court stated:

Ward County's motion was brought under both Rules 166a(b) and 166a(i)[,] and it attached evidence in support of its traditional summary judgment motion. There is nothing to indicate that Ward County intended for the attached evidence to be considered in connection with its no-evidence summary judgment motion. Further, Viasana did not file a response referencing the evidence attached to the summary judgment motion or pointing out the existence of any fact issues raised by that evidence. Accordingly, it is inappropriate to consider the evidence attached to the summary judgment motion in connection with our review of the Rule 166a(i) motion. Viasana is

---

[19]*Garrett v. Patterson–UTI Drilling Co.*, 299 S.W.3d 911, 917 (Tex. App.—Eastland 2009, pet. struck).

[20]*Binur*, 135 S.W.3d at 651.

[21]296 S.W.3d 652, 655 (Tex. App.—El Paso 2009, no pet.).

restricted on appeal to challenging the sufficiency of the summary judgment motion.[22]

Similarly, the First Court of Appeals disregarded the argument of the appellants who contended that despite their failure to timely respond to the no-evidence motion, the trial court erred by granting summary judgment because the appellee attached evidence to its earlier-filed traditional motion, and, according to the appellants, this evidence created a fact issue on the challenged elements.[23] That court noted that "where as here, the movant has filed a motion that identifies the elements as to which there is no evidence, and in a form that is neither conclusory nor a general no-evidence challenge, *summary judgment must be rendered absent a timely and legally adequate response by the nonmovant*."[24]

We have no choice but to agree with the El Paso and Houston courts. The summary judgment rule puts the burden on the nonmovant to point out evidence to defeat a no-evidence summary judgment, not on the trial court. Although this may create a seemingly unfair result,[25] we must apply the established summary

---

[22]*Id.* (citation omitted).

[23]*Landers v. State Farm Lloyds*, 257 S.W.3d 740, 746 (Tex. App—Houston [1st Dist.] 2008, no pet.).

[24]*Id.* (emphasis added).

[25]Because the trial court did not reach Accredited's traditional motion, we do not consider whether the evidence provided by Accredited established its right to judgment as a matter of law. Accordingly, we cannot say whether the trial court would or should have rendered judgment for Accredited even if it had overruled the no-evidence motion.

judgment law of Texas and the plain language of the rule. And under our summary judgment law, in the face of a legally sufficient motion for no-evidence summary judgment, the nonmovant must file a response to defeat summary judgment regardless of whether the trial court has before it evidence that would defeat summary judgment if attached to a timely response. The nonmovant must bring that evidence to the attention of the trial court or lose. The Dyers did not meet their burden in this case. Accordingly, we overrule the Dyers' first point.

In their second point, the Dyers argue that the trial court erred by granting summary judgment because summary judgment was inappropriate given that the case raised issues "that are inherently those for a fact finder." They contend that they "relied on plain, repeated representations" of Accredited personnel "related to the valuation of the property, amount of the loan, [and] costs of the loan" and that "a trier of fact should have an opportunity to fully evaluate the testimony of [the Dyers] and other persons in open court." The Dyers did not file a timely response to the summary judgment motions and do not complain on appeal that the trial court should have considered their response. As discussed above, the only evidence referenced by the Dyers in their brief was provided by Accredited in support of its traditional summary judgment motion, and the trial court did not err by not considering it. Because the Dyers did not timely file a response to Accredited's no-evidence motion, the trial court did not err by granting the motion. We overrule the Dyers' second point.

12

The Dyers include a footnote in their brief asserting that although SPS represented to the trial court that it was the assignee of Accredited, there is no assignment in the record, and "summary judgment for [SPS] is improper because of a lack of documented connection to" the loan forming the basis of the suit. The Dyers do not cite any law to support this assertion and do not make any argument indicating how this assertion relates to their points.[26] They do not, for example, argue that SPS's attorneys had no authority to assert a motion for summary judgment, and because SPS did not seek affirmative relief in the trial court, the Dyers' argument does not on its face raise an issue of standing.[27] We therefore do not consider this argument.[28]

---

[26] *See* Tex. R. App. P. 38.1(f) (requiring briefs to state concisely all issues or points presented for review and providing that the statement of an issue will be treated as covering every subsidiary question that is fairly included), 38.1(i) (requiring briefs to contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record).

[27] *See* Tex. R. Civ. P. 12 (providing that a party to a suit may file a motion asserting the party's belief that the suit is being prosecuted or defended without authority); *Kessling v. Friendswood Indep. Sch. Dist.*, 302 S.W.3d 373, 386 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (noting that a party seeking affirmative relief must have standing).

[28] *See* Tex. R. App. P. 38.1(i); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex.1994) (discussing "long-standing rule" that issue may be waived due to inadequate briefing).

Having overruled both of the Dyers' points, we affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and WALKER, JJ.

LIVINGSTON, C.J., concurs without opinion.

DELIVERED:  February 2, 2012