**Affirmed and Memorandum Opinion filed October 26, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00987-CV

### DHI HOLDINGS, LP, Appellant

### V.

### LEGACY MORTGAGE ASSET TRUST 2018-RPLS2 AND RUSHMORE LOAN MANAGEMENT SERVICES, LLC, Appellees

**On Appeal from the 61st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-44270**

## MEMORANDUM OPINION

Appellant DHI Holdings, LP purchased a Harris County property at a judicially ordered constable's sale. The property was encumbered by a duly recorded mortgage. When the owner and servicer of the mortgage later attempted to foreclose on the property, DHI filed suit to stop the foreclosure challenging the legal right of appellees Legacy Mortgage Asset Trust 2018-RPLS2[1] and Rushmore

---

[1] The final judgment in the trial court identifies appellee as "Legacy Mortgage Asset

Loan Management Services, LLC (collectively Lenders) to foreclose on the property. Though DHI raises four issues on appeal, the issue at the center of the appeal is whether an assignment by Mortgage Electronic Registration Systems, Inc. (MERS) of the deed a trust, made after the original lender was legally defunct, was void despite the fact MERS was a beneficiary under the deed of trust with legal title to the security instrument. We conclude that the assignment executed by MERS is not void and affirm the judgment of the trial court as challenged on appeal.

## I. BACKGROUND

In January 2006, Shawn Garvin executed a deed of trust securing a $75,000 mortgage note with Fieldstone Mortgage Company[2] to purchase real property on Wirevine Lane in Houston. The deed of trust encumbers the property and appoints MERS as the beneficiary, as nominee for Fieldstone and its successors and assigns.[3]

In 2016, Garvin defaulted on required assessments due to his homeowners association. The homeowners association sued Garvin to recover the assessment amounts and obtained a judgment against Garvin in August 2017. Following a foreclosure sale administered by a Harris County constable pursuant to an order of sale, DHI purchased the Wirevine Lane property in May 2018. DHI does not dispute that the lien created by the note and deed of trust survived the homeowners association's foreclosure sale.

---

Trust 2018-RPLS2." Though this court is aware of conflicting references in the record and briefing to the name of this appellee, no party has raised the issue on appeal.

[2] Fieldstone did not file an answer in the trial court and is not a party to this appeal. It is undisputed that Fieldstone is defunct.

[3] *Nominee*, Black's Law Dictionary (11th ed. 2019) ("2. A person designated to act in place of another, usu. in a very limited way. 3. A party who holds bare legal title for the benefit of others or who receives and distributes funds for the benefit of others.")

Garvin also defaulted on the mortgage at some point prior to July 2019. After being sold several times, the mortgage was owned in 2019 by Legacy with Rushmore acting as the servicer. The Lenders were unaware that the Wirevine Lane property had previously been foreclosed on and sold to DHI, and scheduled a foreclosure sale on the Wirevine Lane property for July 2019. DHI as the owner of the property filed suit in the trial court to halt the foreclosure sale contesting the Lenders' title to the deed of trust and ownership of note, and attempting to void the lien on the property.[4] Relying primarily on its argument that an "unlawful and void recorded assignment" existed in the chain of title for the deed of trust, DHI sought (1) a declaratory judgment that defendants lacked authority to foreclose, (2) to quiet title to the property, and (3) alternatively, to exercise an equitable right of redemption. DHI obtained a temporary restraining order halting the foreclosure sale.

The three answering defendants moved for traditional summary judgment asserting that the Lenders had the legal right to foreclose on the property. The summary-judgment evidence established that Fieldstone indorsed the note in blank and that Legacy was the current owner of the note. Rushmore, as servicer for Legacy, was in physical possession of the original note.[5] The Lenders also

---

[4] DHI filed suit against Fieldstone (the original lender), Legacy (the current assignee of the deed of trust), Rushmore (the current servicer), and MERS (the original nominee and beneficiary of the deed of trust).

[5] The note, indorsed in blank, is a negotiable instrument. *See* Tex. Bus. & Com. Code Ann. § 3.104. An instrument is indorsed in blank if it does not identify a person to whom the indorsement makes the instrument payable. *Id.* § 3.205(a). "When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." *Id.* § 3.205(b). A holder of an instrument has the right to enforce the instrument. *Id.* § 3.301. A holder is "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." *Id.* § 1.201(21). A person can become the holder of an instrument when the instrument is issued to that person; or he can become a holder by negotiation. *Id.* § 3.201, cmt. 1. Negotiation is the "transfer of possession of an instrument . . . by a person other than the issuer to a person who

produced summary-judgment evidence that the deed of trust was assigned four times and the current assignee of record was Legacy.[6] The trial court rendered a final summary judgment in November 2019 dismissing DHI's claims.[7]

## II.  ANALYSIS

DHI raises four issues on appeal. In issue 1, DHI argues that the trial court erred in rendering summary judgment because the 2016 assignment of the deed of trust was void as a matter of law. Therefore, it argues that the Lenders cannot establish their legal right to foreclose, as a matter of law. In issue 3, DHI argues, alternatively, that a genuine issue of material fact remains regarding the legal right of the Lenders to foreclose, in light of the 2016 assignment. Issues 2 and 4 address the same question: whether the Lenders met their summary-judgment burden of establishing that they hold or own the note.[8]

As part of its arguments in issue 4, DHI argues that its claim for equitable redemption survives summary judgment and requests that this court direct the trial court that: "(1) the Lenders must tender the current payoff amount of the Loan to DHI and (2) specif[y] a date certain by which DHI may exercise its right of

thereby becomes its holder." *Id*. § 3.201(a). However, a person may be entitled to enforce the instrument even though the person is not the owner of the instrument. *Id*. § 3.301.

[6] The deed of trust names MERS as beneficiary and nominee for Fieldstone. In September 2016, MERS assigned the deed of trust to LSF9 Master Participation Trust. In December 2017, LSF9 Master Participation Trust assigned the deed of trust to J.P. Morgan Mortgage Acquisition Corp. In July 2018, J.P. Morgan Mortgage Acquisition Corp. assigned the deed of trust to Goldman Sachs Mortgage Company. In November 2018, Goldman Sachs Mortgage Company assigned the deed of trust to Legacy Mortgage Asset Trust 2018-RPL2.

[7] The trial court's judgment states, "This judgment is a final judgment, finally disposes of all parties and all claims, and is appealable." *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001).

[8] DHI's issue 2 asks: "Did the Lenders offer sufficient evidence that they hold or own the Note?" DHI's issue 4 asks: "Is there a genuine issue of material fact on whether the Lenders hold or own the note?"

4

equitable redemption." This mirrors the request that DHI made to the trial court. However, DHI does not argue any error on the part of the trial court. Because DHI does not assert any error on the part of the trial court, or any error that would preclude summary judgment on this claim, we conclude there is nothing for this court to review with respect to DHI's equitable redemption claim. *See Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (issues on appeal do not meet requirements of Texas Rules of Appellate Procedure if they do not point out any error allegedly committed by trial court).

## A. Standard of review

We review a trial court's granting of a summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). The movant on a traditional motion for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). If the movant satisfies this initial burden on the issues expressly presented in the motion, then the burden shifts to the nonmovant to present to the trial court any issues or evidence that would preclude a summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979).

## B. MERS is not an appellee

We first address which entities are appellees in this case. Texas Rule of Appellate Procedure 3.1(c) defines an appellee as "a party adverse to an appellant." Unlike an appellant, who must file a notice of appeal and identify himself or herself, an appellee need not be definitively identified until the appellant's brief is filed. An appellee, however, must be a party to the trial court's final judgment and

5

must be someone against whom the appellant raises issues or points of error in the appellant's brief. *Showbiz Multimedia, LLC v. Mountain States Mortg. Ctrs., Inc.*, 303 S.W.3d 769, 771 n.3 (Tex. App.—Houston [1st Dist.] 2009, no pet.).

Legacy and Rushmore are both appellees as DHI's appellate briefing argues for relief as against them. However, while the parties identify MERS as an appellee in their appellate briefing, DHI does not argue for any relief as against MERS. All of DHI's arguments for relief address the "Lenders," which DHI defines as Legacy and Rushmore.[9] MERS is not identified as the current holder of the note, assignee of the deed of trust, servicer of the mortgage, or as having any status that would provide it with legal authority to foreclose on the property. We conclude that MERS is not an appellee in this appeal. *See* Tex. R. App. P. 3(c).

## C.    The 2016 assignment of the deed of trust

In issue 1, DHI argues that the Lenders' summary judgment seeking to dismiss DHI's request for declaratory judgment and quiet title was erroneously granted because the 2016 assignment by MERS is void. By challenging the 2016 assignment as void, DHI challenged Legacy's legal authority, as assignee of record and therefore mortgagee, to foreclose.

Fieldstone, the original lender, was defunct in 2016 when MERS assigned the deed of trust to LSF9 Master Participation Trust. Relying primarily on agency law, DHI argues that MERS could not have acted on behalf of Fieldstone after Fieldstone ceased to exist. Therefore, DHI maintains the Lenders did not and cannot conclusively demonstrate legal authority to foreclose. The Lenders respond that the 2016 assignment of the deed of trust is valid, but even if it were not, the

---

[9] DHI describes MERS as an associated entity in its appellate brief, rather than as appellee or a defendant: "On October 1, 2019, the Lenders and the associated entity [MERS] filed a motion for summary judgment."

Lenders argue DHI lacks standing to challenge the assignment and further waived its right to argue standing by not addressing the issue in its response to the motion for summary judgment.

We begin with DHI's standing to challenge the assignment, because it affects the district court's subject-matter jurisdiction to consider DHI's claims. *See Vernco Constr., Inc. v. Nelson*, 460 S.W.3d 145, 149 (Tex. 2015) (noting that standing is component of subject-matter jurisdiction); *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 150–51 (Tex. 2012) (noting that, if plaintiff lacks standing to assert claim, "the court lacks jurisdiction over that claim and must dismiss it"). Despite the fact DHI never specifically rebutted the Lenders' argument about standing, standing cannot be waived. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993). Further, the Lenders' summary judgment must stand on its own merits. *See Clear Creek Basin Auth.*, 589 S.W.2d at 678.

"Texas courts routinely allow a homeowner to challenge the chain of assignments by which a party claims the right to foreclose." *EverBank, N.A. v. Seedergy Ventures, Inc.*, 499 S.W.3d 534, 542 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (quoting *Miller v. Homecomings Fin., LLC*, 881 F. Supp. 2d 825, 832 (S.D. Tex. 2012)). This idea of standing is not without limitation. *Id.* Although a homeowner has standing to challenge whether there is a complete chain of assignments, a homeowner does not necessarily have the right to challenge an individual assignment within that chain. *Id.* When the homeowner is just a third party to an assignment, the homeowner lacks standing to challenge the assignment on grounds that would merely render the assignment voidable.[10] *Id.* (citing

---

[10] Deeds may be valid, voidable, or void. *Lighthouse Church of Cloverleaf v. Texas Bank*, 889 S.W.2d 595, 601 (Tex. App.—Houston [14th Dist.] 1994, writ denied). The primary distinction between void and voidable deeds is with respect to the rights of an innocent purchaser. *Id.* A voidable deed operates as valid and perfect until set aside. *Id.* "A deed which is

*Morlock, L.L.C. v. Bank of N.Y.*, 448 S.W.3d 514, 517 (Tex. App.—Houston [1st Dist.] 2014, pet. denied)).

Here, DHI challenged the 2016 assignment by MERS as void, not voidable. Focusing on the fact that Fieldstone had already filed articles of dissolution by 2016, DHI relies on the legal principle that entities that do not exist cannot transfer property. *See Lighthouse Church of Cloverleaf v. Texas Bank*, 889 S.W.2d 595, 600 (Tex. App.—Houston [14th Dist.] 1994, writ denied) ("a deed is void if the grantee is not in existence at the time the deed is executed"); *see also Parham Family Ltd. P'ship v. Morgan*, 434 S.W.3d 774, 787 (Tex. App.—Houston [14th Dist.] 2014, no pet.). DHI further argues that a nominee is a type of agent and that a defunct corporation can have no agent. *See Fish v. Tandy Corp.*, 948 S.W.2d 886, 897 (Tex. App.—Fort Worth 1997, pet denied) ("Fish could not act as agent for a nonexistent corporation. A nonexistent corporation can have no agent."). Because we agree that the nonexistence of a grantor entity could potentially render a deed void, we conclude DHI had standing to bring its challenge to the 2016 assignment of the deed of trust.

However, after examining the deed of trust, we disagree with DHI that the 2016 assignment by MERS was void on the basis that Fieldstone ceased to exist by the time of the 2016 assignment by MERS. The security instrument specifically identifies MERS as a nominee for Fieldstone, the Lender in the deed of trust, but also as a beneficiary:

MERS is a separate corporation that is acting solely as a nominee for

---

void, however, cannot pass title even to an innocent purchaser from the grantee." *Id.* (citing *Daniel v. Mason*, 38 S.W. 161, 162 (1896)). Therefore, a homeowner has standing to challenge an assignment that would render the assignment void. Standing would exist, for instance, if a homeowner alleged that an assignment was forged, because a forged deed is void. *See Vazquez v. Deutsche Bank Nat'l Trust Co.*, 441 S.W.3d 783, 787 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

Lender and Lender's successors and assigns. MERS is a beneficiary under this Security Instrument.

The deed of trust identifies the powers given to MERS, as nominee and beneficiary:

> The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successor and assigns) and the successors and assigns of MERS. . . . Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any or all of those interests, including but not limited to, the right to foreclose and sell the Property, and to take any action required of Lender including, but not limited to, releasing and canceling this security Instrument.

Chapter 51 of the Property Code defines a "mortgagee" who is authorized to initiate a non-judicial foreclosure sale to include "the grantee, beneficiary, owner, or holder of a security instrument," such as a deed of trust, or "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." Tex. Prop. Code Ann. § 51.0001(4), (6). Thus, MERS had more than agency, it had the right to foreclose on the property itself. *See Allan v. Nationstar Mortg., LLC*, No. 14-18-00246-CV, 2019 WL 2939746, at *3 (Tex. App.—Houston [14th Dist.] July 9, 2019, pet. denied) (mem. op.) (same security instrument language allowing MERS to sell and foreclose). When MERS executed the 2016 assignment to LSF9 Master Participation Trust, that entity obtained all of MERS's rights and interests in the deed of trust, including the right to foreclose and sell the property. *See Suniverse, LLC v. Universal Am. Mortg. Co., LLC*, No. 09-19-00090-CV, 2021 WL 632603, at *11 (Tex. App.—Beaumont Feb. 18, 2021, pet. denied) (mem. op.); *Allan*, 2019 WL 2939746, at *3; *Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03-11-00644-CV, 2012 WL 3793190, at *5

(Tex. App.—Austin Aug. 30, 2012, pet. denied) (mem. op.).

Because the deed of trust provided MERS with legal title to the security interest, as well as empowered MERS to act as nominee for both Fieldstone and Fieldstone's successors and assigns in selling or foreclosing on the property, MERS had interests and rights to assign that survived the dissolution of the Fieldstone. *See Morlock, L.L.C. v. Nationstar Mortg., L.L.C.*, 447 S.W.3d 42, 47 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (deed of trust gave MERS authority to assign deed of trust on behalf of original lender); *Melendez v. Citimortgage, Inc.*, No. 03-14-0029-CV, 2015 WL 5781103, at *5 n.3 (Tex. App.—Austin Oct. 2, 2015, pet. denied) (mem. op.) ("[B]ut even if Amtrust was truly defunct, the deed's own terms allowed MERS to act on behalf of Amtrust's successors and assigns."); *Campbell v. Mortg. Elec. Registration Sys., Inc.*, No. 03-11-00429-CV, 2012 WL 1839357, at *5 (Tex. App.—Austin May 18, 2012, pet. denied) ("the mortgage documents provide for the use of MERS, and those provisions are enforceable to the extent provided by the terms of the documents"); *see also Athey v. Mortg. Elec. Registration Sys., Inc.*, 314 S.W.3d 161, 166 (Tex. App.—Eastland 2010, pet. denied) (deed of trust gave MERS authority to foreclosure). Therefore, we need not address DHI's agency arguments. We conclude that the 2016 assignment of the deed of trust was not void as a matter of law due to the dissolution of the original lender prior to the assignment by MERS.

DHI alternatively argues there is a genuine issue of material fact on the validity of the 2016 assignment of the deed of trust. The Lenders produced summary-judgment evidence of the chain of title for the deed of trust, reflecting that Legacy was the current assignee of record. Aside from its arguments that the 2016 assignment by MERS was void, DHI offered no controverting evidence creating a fact issue on the chain of title. As the current assignee of the deed of

10

trust, Legacy has legal authority to foreclose. *See* Tex. Prop. Code Ann. § 51.0001(4); *see Bank of N.Y.*, 448 S.W.3d at 518. The summary-judgment evidence further established that Rushmore was the mortgage servicer for Legacy. The Property Code allows a mortgage servicer to initiate a nonjudicial-foreclosure sale.[11] *See* Tex. Prop. Code Ann. § 51.0001(3) (mortgagee may be the mortgage servicer). We therefore conclude the trial court did not err in rendering summary judgment against DHI on its request for a declaratory judgment that the Lenders lacked legal authority foreclose and suit to quiet title.[12]

We overrule DHI's issues 1 and 3.

## D. The note

In issues 2 and 4, DHI argues that the Lender's summary judgment to dismiss DHI's request for declaratory judgment and quiet title was erroneously granted because the Lenders did not meet their summary-judgment burden of establishing that they hold or own the note.

DHI attacks the Lender's relationship to the note, because even if a party does not have a recorded interest in a security instrument, the party may still have the legal right to foreclose on a property if the party is the holder or owner of a

---

[11] The Property Code defines "mortgage servicer" as "the last person to whom a mortgagor has been instructed by the current mortgagee to send payments for the debt secured by a security instrument." Tex. Prop. Code Ann. § 51.0001(3).

[12] The plaintiff in a quiet-title suit must prove, as a matter of law, that he has a right of ownership and that the adverse claim is a cloud on the title that equity will remove. *Brumley v. McDuff*, 616 S.W.3d 826, 835 (Tex. 2021). A cloud on title exists when an outstanding claim or encumbrance is shown, which on its face, if valid, would affect or impair the title of the owner of the property. *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (quoting *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied)). The effect of a suit to quiet title is to declare invalid or ineffective the defendant's claim to title. *Id.* The plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief. *Id.* Because DHI bases its quiet-title challenge on alleged deficiencies in the chain of title for the deed of trust already addressed, DHI's suit for quiet title cannot succeed.

note secured by the instrument. This rule derives from the common-law maxim, now codified in the Uniform Commercial Code, that "the mortgage follows the note." *See* U.C.C., Tex. Bus. & Com. Code Ann. § 9.203(g) ("The attachment of a security interest in a right to payment or performance secured by a security interest or other lien on personal or real property is also attachment of a security interest in the security interest, mortgage, or other lien."); *see also Seedergy Ventures*, 499 S.W.3d at 538–39. However, the summary-judgment evidence established the Lenders' legal right to foreclose as assignee of record and mortgage servicer, respectively. For that reason, we need not address DHI's arguments regarding the chain of title on the note.[13] Tex. R. App. P. 47.1.

---

[13] In its reply briefing, DHI attempts to create a fact question on Rushmore's legal right to foreclose by arguing that Rushmore cannot both be the noteholder and the mortgage servicer for Legacy. The summary-judgment evidence established that Rushmore was in physical possession of the original note, which legally gives it status as a holder. DHI asserts this distinction is important because if Rushmore is the noteholder, then it cannot be a mortgage servicer under the statutory framework of the Property Code. *See* Tex. Prop. Code Ann. § 51.0001(3), .0025(1). Relying on a federal-district-court case that is not precedent, DHI argues that to be a mortgagee, Rushmore must either own the note or serve as an agent for the owner or holder of the note. *See McCarthy v. Bank of Am., NA*, No. 4:11-CV-356-A, 2011 WL 6754064, at *3 (N.D. Tex. Dec. 22, 2011).

However, DHI did not present this argument to the trial court in its response to the summary-judgment motion. Any issues that a nonmovant contends avoid summary judgment must be expressed in a written motion, answer, or other response to the motion. *See* Tex. R. Civ. P. 166a(c); *see also Clear Creek Basin Auth.*, 589 S.W.2d at 678 ("[T]he nonmovant must expressly present to the trial court any reasons seeking to *avoid* movant's entitlement [to summary judgment].") (emphasis added). Here, DHI seeks to avoid summary judgment based upon a new ground, or a new legal theory, not presented below. *Madeksho v. Abraham, Watkins, Nichols & Friend*, 57 S.W.3d 448, 453 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) ("nonmovant may not urge on appeal any and every new ground he can think of"). Therefore, to preserve error on this issue, DHI was required to raise it in response to the Lenders' summary-judgment motion, which DHI did not do. Tex. R. Civ. P. 166a(c); Tex. R. App. P. 33.1(a). Concluding that DHI has not preserved error on this legal theory, we do not consider it.

### III. CONCLUSION

Having overruled DHI's issues 1 and 3, we need not reach issues 2 and 4. We affirm the judgment of the trial court as challenged on appeal. *See* Tex. R. App. P. 43.2(a).

/s/     Charles A. Spain
Justice

Panel consists of Justices Bourliot, Zimmerer, and Spain.