**Reversed and Remanded and Memorandum Opinion filed August 8, 2024.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

## NO. 14-23-00261-CV

**RIFT ENERGY USA, INC. AND RIFT ENERGY CORP., Appellants**

**V.**

**FRED ZAZISKI, Appellee**

**On Appeal from the 190th District Court
Harris County, Texas
Trial Court Cause No. 2018-18465**

## MEMORANDUM OPINION

Appellants Rift Energy USA, Inc. and Rift Energy Corp. (collectively, Rift Energy) appeal from the trial court's dismissal of their claims and denial of a motion to reinstate the suit against its former president and chief executive officer, Fred Zaziski. We reverse the trial court's dismissal order and remand for further proceedings.

Zaziski has not filed a brief or otherwise disputed Rift Energy's statement of facts, so we take as true the statement of facts presented in Rift Energy's brief. *See*

Tex. R. App. P. 38.1(g). On the day the case was called for a bench trial, Zaziski filed a motion to dismiss on the basis that Rift Energy's right to do business had been forfeited for failure to pay franchise taxes. The trial court, in its later order denying Rift Energy's motion to reinstate, made the following finding about what happened next:

> The Court, out of courtesy to Plaintiffs, gave Plaintiffs' Counsel time to investigate and verify if Plaintiffs were still registered as a business organization in the State of Texas. The Court, however, specifically stated on the record that it was not giving Plaintiffs time to reinstate their charter with the Secretary of State of Texas.

Rift Energy, however, *did* take the steps necessary to have their charter reinstated. Rift Energy provided supporting documentation to the trial court along with a response to the motion to dismiss. Nonetheless, the trial court granted Zaziski's motion and dismissed the case with prejudice. Rift Energy filed a motion to reinstate and directed the trial court's attention to this court's decision in *Lighthouse Church of Cloverleaf v. Texas Bank*, 889 S.W.2d 595 (Tex. App.— Houston [14th Dist.] 1994, writ denied).

In *Lighthouse*, this court noted that Sections 171.312 and 171.313 of the Tax Code "provide a means by which a corporation can set aside a forfeiture by the Secretary of State" by filing certain reports, paying taxes, and following procedures outlined in the statutes. *Id.* at 600; *see* Tex. Tax Code §§ 171.312, 171.313. This court reasoned that "a corporation which has forfeited it[s] corporate charter for failing to pay franchise taxes is never truly dead, but may be resurrected by paying the delinquent taxes." *Lighthouse*, 889 S.W.2d at 600.

Moreover, this court held that a party challenging a party's right to bring suit in a corporate capacity must raise the issue "by a plea in abatement, or it is waived." *Id.* "Resort to a motion for dismissal should not be granted until the

2

cause of action has been abated, the plaintiff has been given an opportunity to cure the defect, and has failed to do so." *Id.*; *see also Cognata v. Down Hole Injection, Inc.*, 375 S.W.3d 370, 376 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) ("This rule favors abatement over dismissal and affords corporations an opportunity to cure the defect by paying their delinquent taxes or requesting that their forfeiture be set aside."). A corporation "whose certificate of formation is reinstated under the provisions of the Tax Code is considered to have continued in existence without interruption from the date of forfeiture." Tex. Bus. Orgs. Code § 11.254(a).

On appeal, Rift Energy contends in two issues, which it argues together, that the trial court erred by (1) not initially abating the case and (2) ultimately dismissing the case after Rift Energy had its right to do business in Texas reinstated. Indeed, the trial court denied Rift Energy the opportunity to cure under the Tax Code, dismissed Rift Energy's claims although Rift Energy cured the defect, and refused to reinstate the case when presented controlling authority from this court. The trial court committed reversible error. *See Lighthouse*, 889 S.W.2d at 600.

Rift Energy's second issue is sustained, and we need not address Rift Energy's first issue. *See* Tex. R. App. 47.1 The trial court's judgment is reversed, and the case is remanded for further proceedings.

/s/    Ken Wise
Justice

Panel consists of Justices Wise, Spain, and Hassan.

3